United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEO DALTON PRICE,

    Petitioner,

v.

HEIDI M. LACKNER, Warden,

    Respondent.

Case No. 14-cv-05310-YGR (PR)

**ORDER DENYING PETITIONER'S MOTION FOR APPOINTMENT OF COUNSEL; AND *SUA SPONTE* GRANTING HIM EXTENSION OF TIME TO FILE TRAVERSE**

Petitioner, a state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his state conviction. On January 29, 2015, the Court directed Respondent to file an answer to the petition and granted Petitioner leave to file a traverse.

On March 30, 2015, Respondent filed an answer to the petition.

Before the Court is Petitioner's motion for appointment of counsel.

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). The Court may, however, appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is within the discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. *See generally* 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. *See Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345

1  F.2d 778, 782 (9th Cir. 1965), *cert. denied*, 382 U.S. 996 (1966).

2  Petitioner claims that appointment of counsel is appropriate because he is uneducated and
3  suffers from some unnamed mentally disability/impairment. Dkt. 15 at 4-5. However, the Court
4  finds that the appointment of counsel is not warranted at this time. Petitioner's claim was briefed
5  by counsel on direct appeal, and it is not especially complex. This is not an exceptional case that
6  would warrant representation on federal habeas review. Therefore, the motion for appointment of
7  counsel is DENIED. Dkt. 15.

8  Petitioner's traverse is due on May 29, 2015. The Court *sua sponte* GRANTS Petitioner
9  an extension of time to file a traverse. The time in which Petitioner is to file his traverse will be
10 extended up to and including **July 29, 2015**. Should Petitioner fail to file a traverse, the petition
11 will be deemed submitted on that date.

12 This Order terminates Docket No. 15.

13 IT IS SO ORDERED.

14 Dated: May 14, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge